IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES LIABILITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>RETSEL CORPORATION, d/b/a Grant Gateway Hotel and d/b/a Cheers Sports Lounge and Casino,<br><br>Defendant. | **8:26CV66**<br><br>**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE AND OTHER PENDING MOTIONS** |

This matter is before the Court on six pending motions. On March 11, 2026, NDN Collective, Sunny Red Bear, Nick Cottier, Bre Jackson, Mary Bowman, and George Bettelyoun (Proposed Intervenors) filed a Motion to Intervene. Filing 9. On March 20, 2026, Plaintiff United States Liability Insurance Company (USLI) filed a Motion for Summary Judgment. Filing 10. On April 8, 2026, USLI filed a "Motion for Leave to File Sur-reply in Opposition to [Proposed] Intervenors' Reply Brief in Support of Motion to Intervene." Filing 17 at 1 (reduced from all capitals). On April 24, 2026, Defendant Retsel Corporation, d/b/a Grant Gateway Hotel and d/b/a Cheers Sports Lounge and Casino (Retsel) filed a Motion to Dismiss or, in the Alternative, to Transfer Venue to the District of South Dakota (Motion to Dismiss or Transfer), Filing 28, and a Motion to Deny or Defer Plaintiff's Motion for Summary Judgment, Filing 30. Finally, on June 15, 2026, USLI filed a Motion for Leave to File Sur-reply in Opposition to Defendant's Reply Brief in Support of Motion to Dismiss. Filing 50.

The Court will first consider Retsel's Motion to Dismiss or Transfer, which seeks *inter alia* dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2), 12(b)(3), and (b)(6) or transfer pursuant to 28 U.S.C. § 1404(a). Filing 28. Although explained further below, the Court notes at

1

the outset that Retsel's Motion—Retsel's first filing in this case—was filed 62 days after Retsel was first served with the Complaint. Filing 6 (Return of Service dated February 21, 2026); Filing 28 (Retsel's motion filed April 24, 2026). The Court does not consider the Rule 12(b) defenses asserted in the motion, as they were untimely raised. Fed. R. Civ. P. 12(a)(1)(A)(i), (b); *Tarvisium Holdings, LLC v. Dukat, LLC*, No. 4:19-CV-0086-DGK, 2021 WL 5534688, at *1 (W.D. Mo. Mar. 22, 2021); Filing 45 (Plaintiff asserting that Defendant's arguments relating to personal jurisdiction and venue—in the Rule 12 context—are waived).

However, section 1404(a) does not set a time limit on when a motion to transfer must be made. 28 U.S.C. § 1404(a). USLI presents no argument on whether the motion—as it relates to section 1404(a) transfer—was timely raised under standards that federal courts use to assess the timeliness of section 1404(a) motions. *Foreman Elec. Servs., Inc. v. Haliron Power, LLC*, Case No. 4:19-cv-4157, 2020 WL 5351076, at *3 (W.D. Ark. Sept. 4, 2020) (saying a motion for transfer under section 1404(a) can be filed "at any time, so long as the motion is made with reasonable promptness" (internal quotation marks omitted) (citation omitted)); *Berg Corp. v. C. Norris Mfg., LLC*, CIVIL NO. JKB-19-00043, 2020 WL 231054, at *2 (D. Md. Jan. 15, 2020) ("Section 1404(a) does not provide a time limit within which to bring a motion to transfer, but courts agree that the motion should be brought with 'reasonable promptness.'" (citation omitted)) (collecting cases). "[D]elay in filing the [section 1404(a)] motion is not by itself cause to deny." *Johnson v. Giliad Scis., Inc.*, Case No. 4:20-cv-1523-MTS, 2022 WL 225614, at *2 n.2 (E.D. Mo. Jan 26, 2022) (citing *Fluid Control Prod., Inc. v. Aeromotive, Inc.*, No. 4:09-cv-1667-CAS, 2011 WL 620115, at *5 (E.D. Mo. Feb. 11, 2011)). Additionally, USLI nowhere argues that it was prejudiced by the timing of the section 1404(a) motion. *Monsanto Co. v. Gastel*, Case No. 07–5119–CV–SW–RED, 2009 WL 10672446, at *2 (W.D. Mo. Jan. 2, 2009) (saying "'[s]ection 1404(a) sets no time limit

on when a motion to transfer can be made' . . . 'but if the passage of time or delay would unduly prejudice the opposing party . . . , or the filing of the motion for transfer is a dilatory tactic, a district court may deny the motion for transfer'" (internal citation omitted) (second ellipsis in original)). USLI engages the section 1404(a) argument on the merits without arguing that the motion should not be considered because it is untimely. Filing 45. The Court considers the section 1404(a) motion and finds that the relevant considerations support transfer to the United States District Court for the District of South Dakota.

For reasons explained below, the Court denies Retsel's motion as it relates to dismissal but grants the motion as it relates to transfer. With the exception of one of the procedural motions, which the Court denies, the Court takes no action on the remaining pending motions because the Court lacks jurisdiction where the motions will be resolved by the transferee court.

## I.  INTRODUCTION

### A.  Factual Background

On a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the facts are drawn "not [from] the pleadings alone, but [also from] affidavits and exhibits supporting or opposing the motion." *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014). Similarly, with respect to a motion to transfer, a court will draw its factual basis from allegations in the complaint and other evidence submitted by the parties. *Bhd. of Maint. of Way Employes Div./IBT v. Union Pac. R.R. Co.*, 485 F. Supp. 3d 1048, 1053 n. 1 (D. Neb. 2020) (citing *Sitzer v. Nat'l Ass'n of Realtors*, No. 4:19-CV-00332-SRB, 2019 WL 3892873, at *1 (W.D. Mo. Aug. 19, 2019) ("[W]hen reviewing a motion to transfer, a court may consider evidence outside of the pleadings but must draw all reasonable inferences and resolve factual conflicts in favor of the non-moving party.")). The facts used by the Court in assessing the motion are drawn

from the Complaint and the exhibits submitted supporting or opposing the motion.[1] *Fastpath, Inc.,* 760 F.3d at 820.

The Complaint alleges that this action—which seeks a declaratory judgment—"arises out of a lawsuit alleging racial discrimination by Retsel known as *NDN Collective, Sunny Red Bear et al. v. Retsel Corporation, Connie Uhre, Nicholas Uhre et. al.*, case no. 5:22-cv-05027-LLP, currently pending in the United States District Court for the District of South Dakota Western Division (the 'Lawsuit')." Filing 1 at 2 (¶ 7). According to the Declaration of Chad Uhre, which was filed in support of Retsel's motion to dismiss, the Lawsuit "was filed in and has been litigated exclusively in the United States District Court for the District of South Dakota, Western Division, located in Rapid City, South Dakota."[2] Filing 29 at 4. The declaration avers that "[a]ll events giving rise to that litigation — the alleged acts of discrimination at the Grand Gateway Hotel — occurred in Rapid City, South Dakota." Filing 29 at 4. The declaration further avers that "[a]ll witnesses with knowledge of the events at issue in the NDN Action are located in or near Rapid City, South Dakota, or in the vicinity of the District of South Dakota." Filing 29 at 4. According to the declaration, "[a] jury verdict and judgment were entered in the NDN Action on December 22, 2025 by the United States District Court of the District of South Dakota. A motion for attorneys' fees under 42 U.S.C. § 1988 remains pending before that court." Filing 29 at 5.

The Complaint alleges that USLI has provided and continues to provide a defense for Retsel in the South Dakota lawsuit pursuant to an "Employment Practices Liability insurance

---

[1] For reasons explained below, the Court does not consider the exhibit attached to Retsel's reply brief, Filing 48-1.

[2] The parties do not dispute that litigation remains ongoing in the District of South Dakota lawsuit. Filing 32 at 3 ("[The District of South Dakota] presided over four years of litigation, a jury trial, and entry of judgment on December 22, 2025. A motion for attorney's fees pursuant to 42 U.S.C. § 1988 remains pending before that court."); Filing 45 at 7 ("There is only a pending decision on NDN's petition for attorneys' fees and any appeals from any orders in [the South Dakota] matter.").

policy [issued] to Retsel, policy no. EPL1007914N." Filing 1 at 3 (¶¶ 8, 11). The Policy allegedly included a "strict reservation of rights." Filing 1 at 3 (¶ 8). The Complaint avers that, under the Policy, "there is no coverage for any award of attorney's fees, and no coverage for punitive damages." Filing 1 at 3 (¶ 8). USLI alleges that "[n]otwithstanding these significant limitations on its duty to indemnify, USLI has provided competent defense counsel to Retsel and to date has spent in excess of $1,500,000 in defense of the Lawsuit." Filing 1 at 3 (¶ 9).

According to the Complaint, this action in the District of Nebraska is "due to Retsel's [alleged] failure to cooperate with USLI and with defense counsel retained for Retsel in the Lawsuit." Filing 1 at 3 (¶ 10). According to USLI, "The Policy has certain Conditions which require performance by the insured as [a] condition precedent to coverage. One of those conditions is that [Retsel] cooperate with USLI and the insured's defense counsel[.]" Filing 1 at 3 (¶ 12). According to the Complaint, the Policy stated,

> D. The Insured agrees to cooperate with the Company on all Claims, and provide such assistance and information as the Company may reasonably request. Upon the Company's request, the Insured shall submit to examination and interrogation by a representative of the Company, under oath if required, and shall attend hearings, depositions and trials and shall assist in the conduct of suits, including but not limited to effecting settlement, securing and giving evidence, obtaining the attendance of witnesses, giving written statements to the Company's representatives and meeting with such representatives for the purpose of investigation and/or defense, all of the above without charge to the Company. The Insured further agrees not to take any action which may increase the Insured's or the Company's exposures for Loss or Defense Costs.

Filing 1 at 3–4 (¶ 12) (emphasis omitted).

USLI avers that Retsel "failed to sufficiently cooperate with USLI with respect to the [South Dakota] Lawsuit" because "Retsel has, without the consent of its defense counsel, made certain filings in conjunction with proper filings by defense counsel which potentially compromise[d] the defense of Retsel in the Lawsuit. These filings may increase [USLI's] exposure for Loss, as defined in the policy, in breach of the policy conditions." Filing 1 at 4 (¶¶ 13–14).

5

USLI further avers that "Retsel has also deluged USLI and its defense counsel with hundreds of emails including instructions to file meritless motions in conjunction with those already filed by defense counsel. These emails and proposed filings rely heavily upon open source Artificial Intelligence, and, if filed by attorneys, would violate ethical rules propounded by the American Bar Association regarding the use of Artificial Intelligence in court filings." Filing 1 at 4–5 (¶ 15). According to the Complaint, "Retsel's failure to cooperate with respect to the Lawsuit has prejudiced USLI," and "USLI is entitled to reimbursement from Retsel of its prior payments to defense counsel which have been unnecessarily incurred by virtue of Retsel's failure to cooperate." Filing 1 at 5 (¶ 19).

### B.  Procedural Background

USLI filed the Complaint on February 17, 2026.[3] Filing 1. On March 11, 2026, the Proposed Intervenors filed their Joint Motion to Intervene. Filing 9. On March 20, 2026, USLI filed a brief opposing the Proposed Intervenors' joint motion to intervene, Filing 14, and submitted an Index that contained the Declaration of Lina Carney and the Policy, Filing 15; Filing 15-1. On March 27, 2026, Proposed Intervenors filed a brief in support of their joint motion to intervene. Filing 16. On April 8, 2026, USLI filed a Motion for Leave to File Sur-reply in opposition to the joint motion to intervene. Filing 17. On April 22, 2026, Proposed Intervenors filed a response to USLI's Motion for Leave to File Sur-reply. Filing 19. On April 29, 2026, USLI filed a reply to Proposed Intervenors' response. Filing 40.

On March 20, 2025, USLI filed its Motion for Summary Judgment and a brief supporting the motion. Filing 10; Filing 11. That same day, USLI filed its Statement of Undisputed Material

---

[3] The Complaint states that "[a] true and correct copy of the Policy is attached hereto as Exhibit 'A.'" Filing 1 at 3 (¶ 11). The Policy, however, was not attached to the Complaint. Instead, USLI submitted the Policy with its Index in Support of Motion for Summary Judgment. Filing 13; Filing 13-1.

Facts, Filing 12, and an Index, Filing 13, which included the Declaration of Lina Carney and the Policy, Filing 13-1. On April 10, 2026, Proposed Intervenors filed a brief opposing USLI's summary judgment motion. Filing 18. On April 24, 2026, Retsel filed a Motion to Deny or Defer Plaintiff's Motion for Summary Judgment. Filing 30. That same day, Retsel filed the Declaration of John M. Piece in support of its motion to deny or defer. Filing 31. Also that same day, USLI filed a reply to Proposed Intervenors' brief opposing the summary judgment motion. Filing 34. On May 8, 2026, USLI filed a reply to Retsel's brief opposing the summary judgment motion. Filing 42. On June 7, 2026, Retsel filed a Motion for Leave to File Sur-reply Regarding Plaintiff's Motion for Summary Judgment, Filing 48, and on June 10, 2026, United States Magistrate Judge Jaqueline M. DeLuca granted the motion, saying "[t]he Court will consider [the sur-reply] to the extent appropriate," Filing 49 (text order).

On April 24, 2026, Retsel filed a Motion to Dismiss or, in the Alternative, to Transfer Venue to the District of South Dakota. Filing 28. This motion was filed 62 days after Retsel was first served with the Complaint. Filing 6 (Return of Service dated February 21, 2026). No answer or other responsive pleading was filed before the Motion to Dismiss or Transfer, as that Motion was Retsel's first filing in this case. The motion seeks dismissal on four grounds: "(1) the Court's discretionary authority under the Declaratory Judgment Act, 28 U.S.C. § 2201; (2) Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction; (3) Federal Rule of Civil Procedure 12(b)(3) for improper venue; and (4) Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim." Filing 28 at 1. In the alternative to dismissal, the motion seeks transfer to the United States District Court for the District of South Dakota, Western Division, pursuant to 28 U.S.C. §§ 1404(a) and 1406(a). Filing 28 at 1. The motion was accompanied by the Chad Uhre Declaration, Filing 29, and a brief in support of the motion, Filing 32. On May 15, 2026, USLI filed a response

to the motion to dismiss. Filing 45. With its response brief, USLI submitted "Exhibit 'A', correspondence to Defendant (copied to Defendant's counsel), discussing Defendant's repeated non-cooperation, Plaintiff's prior correspondence on the issue, and reserving the right to disclaim coverage and seek reimbursement of defense costs." Filing 45 at 10; Filing 45-1. On June 7, 2026, Retsel filed a reply brief in support of its motion to dismiss—23 days after USLI filed its response brief. Filing 47. With its reply brief, Retsel submitted emails exchanged between USLI's and Retsel's counsel. Filing 47-1. On June 15, 2026, USLI filed a Motion for Leave to File Sur-reply relating to Retsel's motion to dismiss, Filing 50, and filed the sur-reply brief that same day without the Court's authorization, Filing 51.

## II.  LEGAL ANALYSIS

As stated at the beginning of this Memorandum and Order, the Court first considers Retsel's Motion to Dismiss or Transfer, which seeks *inter alia* dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction or transfer pursuant to 28 U.S.C. § 1404(a). Filing 28. Indeed, based on its disposition of that Motion, the Court concludes that it is inappropriate for the Court to reach the other pending Motions.

### A.  Timeliness Issues

Retsel's Motion to Dismiss or Transfer seeks dismissal pursuant to, among other things, Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6). Filing 28. Rule 12(a) provides that defendants must serve an answer "within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). Rule 12(b) provides defendants with the opportunity to raise certain defenses, specifying that these defenses "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Therefore, a defendant wishing to raise a Rule 12(b) defense must do so within the time allotted to file a responsive pleading. *See Tarvisium Holdings,*

8

*LLC*, 2021 WL 5534688, at *1 (citing Fed. R. Civ. P. 12(b)) ("A party must file a motion to dismiss for lack of personal jurisdiction within the time to file a responsive pleading.").

Retsel had twenty-one days after being served to file a timely motion under Rule 12(b). *Id.* (citing Fed. R. Civ. P. 12(a)(1)(A)(i)). "A party who fails to so move within the required time frame waives the defense." *Id.* (citing Fed. R. Civ. P. 12(a)(1)(A)(i)). Retsel did not assert the Rule 12(b) defenses in time. Retsel was first served on February 21, 2026. Filing 6 (Return of Service). However, Retsel's motion was filed on April 24, 2026. Filing 6; Filing 28. The motion containing the Rule 12(b) defenses was filed 62 days after service, and the motion was therefore not filed within Rule 12's time limitations. Fed. R. Civ. P. 12(a)(1)(A)(i), (b); *Tarvisium Holdings, LLC,* 2021 WL 5534688, at *1. No answer or other responsive pleading was filed within Rule 12(b)'s time limitations, as Retsel's Motion to Dismiss or Transfer was Retsel's first filing in this case. Furthermore, USLI specifically contests Retsel's ability to raise Rule 12(b) defenses. Filing 45 at 2, 5. Consequently, Retsel's Rule 12(b) defenses were waived. Fed. R. Civ. P. 12(a)(1)(A)(i), (b); *Tarvisium Holdings, LLC*, 2021 WL 5534688, at *1.

Retsel also seeks transfer pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of South Dakota, Western Division. Filing 28 at 1. Retsel raised the motion on the day Retsel's counsel entered his appearance. Filing 27 (Notice of Appearance); Filing 28. Because section 1404(a) sets no deadline for when a motion for section 1404(a) transfer must be made, "delay in filing the motion is not by itself cause to deny." *See Johnson*, 2022 WL 225614, at *2 n.2 (citing *Fluid Control Prod., Inc.*, 2011 WL 620115, at *5); 28 U.S.C. § 1404(a). However, "courts agree that the motion should be brought with 'reasonable promptness.'" *Berg Corp.*, 2020 WL 231054, at *2 (citation omitted) (collecting cases). Unlike USLI's clear argument that Retsel's Rule 12(b) defenses were waived because they were not raised by the deadline

imposed by Rule 12, USLI does not argue that Retsel's section 1404(a) transfer argument was waived because it was not timely raised under timeliness standards relating to section 1404(a). Filing 45 at 2, 5 (USLI's consolidated argument relating to the timeliness of Retsel's "object[ion] to venue" referring back to Rule 12 standards for timeliness); *Berg Corp.*, 2020 WL 231054, at *2 (saying "courts agree that the [section 1404(a)] motion should be brought with 'reasonable promptness'" (citation omitted)); *Foreman Elec. Servs., Inc*, 2020 WL 5351076, at *3 ("Unlike a Rule 12(b)(3) motion to dismiss for improper venue, 'a motion to transfer under § 1404(a) can be filed at any time, so long as the motion is made with reasonable promptness.'" (citation omitted)) (collecting cases). USLI therefore does not specifically contest Retsel's ability to raise a section 1404(a) argument for transfer under standards relevant to section 1404(a). *Johnson,* 2022 WL 225614, at *2 n.2 ("[D]elay in filing the motion is not by itself cause to deny").

Furthermore, because section 1404(a) does not set a deadline on when a motion to transfer must be made, courts have weighed considerations such as whether "the passage of time or delay would unduly prejudice the opposing party . . ., or [whether] the filing of the motion for transfer is a dilatory tactic" when assessing whether to deny a motion for transfer. *Monsanto Co.*, 2009 WL 10672446, at *2 (internal quotation marks and citation omitted) (ellipsis in original). USLI does not assert that it was prejudiced by the timing of the section 1404(a) motion. Filing 45. USLI also has not argued that the motion is a dilatory tactic or offered any other reason why the motion should be denied as untimely. Filing 45. USLI merely offers a consolidated argument on venue— against Retsel's positions on Rule 12(b)(3), section 1404(a), and section 1406(a)—that Retsel "waived its right to object to venue" because Retsel did not comply with the deadline set out in Rule 12. Filing 45 at 5 (referring back to Rule 12-based arguments for untimeliness). Because USLI failed to assert that Retsel's section 1404(a) argument was not raised with "reasonable

10

promptness" and by engaging with the argument on the merits without acknowledging any prejudice, the Court will consider the part of Retsel's motion seeking transfer under 1404(a) on the merits.

Like Retsel's arguments relating to Rule 12(b), the Court will not consider Retsel's reply brief, Filing 47, or the attached exhibit, Filing 47-1. "A reply brief in support of [any motion other than a motion for summary judgment] must be filed and served within 7 days after the opposing party files and serves the opposing brief." NECivR 7.1(c)(1). Additionally, "[a]n affidavit must identify and authenticate any documents offered as evidence." NECivR 7.1(a)(2)(C). USLI filed its response brief on May 16, 2026. Filing 45. Retsel filed its reply brief and an unauthenticated exhibit in support of the motion on June 7, 2026. Filing 47; Filing 47-1. The reply brief was untimely filed, and the exhibit was also not properly authenticated. NECivR 7.1(a)(2)(C), (c)(1). The Court therefore does not consider either the untimely reply brief or the unauthenticated exhibit. Relatedly, USLI filed a motion seeking leave to file a sur-reply in opposition to Retsel's reply brief. Filing 50; Filing 51. Because the Court does not consider either Retsel's untimely reply brief or the exhibit, the Court denies USLI's motion and will not consider the sur-reply.

In summary, the Court will not consider Retsel's arguments for dismissal arising under Rule 12(b), will not consider Retsel's reply brief or the attached exhibit, and denies USLI's motion to file a sur-reply as moot.

### B. Transfer of the Action to the District of South Dakota Under Section 1404(a) Is Appropriate

As mentioned above, the Court will not consider arguments for dismissal grounded in Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6). This leaves Retsel's arguments that the Court should decline jurisdiction pursuant to the Court's discretionary authority and that the Court should transfer the action pursuant to 28 U.S.C. §§ 1404(a) or 1406(a). The Court

11

transfers the action to the District of South Dakota under section 1404(a) and therefore does not reach Retsel's arguments grounded in the Court's "discretionary authority" or section 1406(a).[4] The Court begins its analysis of whether transfer is appropriate pursuant to section 1404(a) with a summary of the parties' arguments.

### 1. The Parties' Arguments

In its supporting brief, Retsel asserts that the private convenience of the parties and witnesses and access to evidence support transfer. Filing 32 at 10. Among other things, Retsel asserts that it "is an insolvent South Dakota corporation with no resources to litigate in Nebraska" and that "USLI is nominally a Nebraska corporation but is actually headquartered in Wayne, Pennsylvania . . . making Nebraska no more convenient for USLI than South Dakota." Filing 32 at 10. Retsel also argues that certain public interest factors support transfer. Filing 32 at 11. Among other reasons, Retsel asserts that "South Dakota law governs interpretation and enforcement of this policy" and, because of the Proposed Intervenors' pending fees motion, "[a]llowing this Nebraska action to proceed in parallel creates an unacceptable risk of inconsistent judgments on identical coverage questions between the same parties." Filing 32 at 11. Finally, Retsel asserts that deference to USLI's forum choice is diminished in this case because "the chosen forum has little connection to the operative facts." Filing 32 at 11 (citing cases).

---

[4] Although, the Court does not reach Retsel's argument under section 2201 because it transfers this action pursuant to 1404(a), the Court would deny the motion as it relates to section 2201. The Eighth Circuit has only ever spoken of abstention under the Declaratory Judgment Act as being justified when there is an ongoing, parallel state court proceeding. *See, e.g.*, *Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 792–93 (8th Cir. 2008) (saying district courts have discretion to abstain when there is a parallel *state* proceeding); *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 874 (8th Cir. 2000) (same). The litigation that Retsel argues constitutes a parallel proceeding warranting abstention is not in state court but in the United States District Court for the District of South Dakota. Filing 1 at 2 (¶ 7). Without a parallel state proceeding, the Court cannot abstain, as federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given [to] them." *See Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817–18 (1976) (citing cases).

In response, USLI argues that "[t]he District of South Dakota has not been asked to rule on any insurance coverage issues regarding the insurability of attorneys' fees or punitive damages" but that this Court has received "extensive briefing on these issues." Filing 45 at 5–6. According to USLI, in the South Dakota case, "[t]here is only a pending decision on NDN's petition for attorneys' fees, and appeals from any orders in that matter. None of these proceedings address insurance coverage." Filing 45 at 7. USLI also asserts that "a decision [in this case] will be rendered on the papers only and there is no inconvenience to any party or counsel for the action to remain before this Court." Filing 45 at 6.

2.   *Whether This Case Could Have Been Brought in the District of South Dakota*

Section 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The Court must therefore first consider whether the case "might have been brought" in the District of South Dakota. 28 U.S.C. § 1404(a). "[W]here it might have been brought" refers to a district where the plaintiff could have brought suit against the defendant. *See Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960). "A case could have been brought in a transferee district if the transferee district has subject matter jurisdiction, personal jurisdiction, and is a proper venue." *Masud v. TD Ameritrade, Inc.*, 8:24CV499, 2025 WL 1644423, at *9 (D. Neb. June 10, 2025) (citing *Bhd. of Maint. of Way Employes Div./IBT*, 485 F. Supp. 3d at 1056).

The United States District Court for the District of South Dakota would have subject matter jurisdiction over this matter for the same reason this Court does. That is, this Court has—and the District of South Dakota would have—diversity jurisdiction pursuant to 28 U.S.C. § 1332. "To establish diversity jurisdiction under 28 U.S.C. § 1332(a), the party asserting jurisdiction must show complete diversity of citizenship among the parties and an amount in controversy exceeding

13

$75,000." *Bey v. Bank of Am., N.A.*, No. 4:12–CV–1130–JAR, 2013 WL 3353943, at *3 (E.D. Mo. July 3, 2013). The Complaint alleges that USLI, a corporation, is a citizen of Nebraska and that Retsel, also a corporation, is a citizen of South Dakota. Filing 1 at 2 (¶¶ 2–3); *GMAC Comm. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004) (citing 28 U.S.C. § 1332(c)(1)) (saying a corporation's citizenship "is (1) the state of incorporation, and (2) the state where the corporation's principal place of business is located"). The Complaint also alleges that "USLI has provided competent defense counsel to Retsel and to date has spent in excess of $1,500,000." Filing 1 at 3 (¶ 9). The Complaint seeks *inter alia* a "Declaratory Judgment that, due to Retsel's breach of its duty to cooperate under the Policy, USLI is entitled to reimbursement of Defense Costs, which it has unnecessarily incurred due to Retsel's failure to cooperate." Filing 1 at 6–7 (¶ 26); *Bey*, 2013 WL 3353943, at *3 (saying the amount in controversy must exceed $75,000). Therefore, the Complaint has alleged a basis for diversity jurisdiction for purposes of litigation in the District of South Dakota.

The District of South Dakota also has personal jurisdiction and is a proper venue. "A corporation is subject to general jurisdiction in forums where incorporated and where it has its principal place of business." *Covington v. Janssen Pharms.*, Case No. 4:17-CV-1588 SNLJ, 2017 WL 3433611, at *4 (E.D. Mo. 2017). Retsel is incorporated in South Dakota. *See* Filing 1 at 2 (¶ 3). Venue would be proper because the District of South Dakota would have personal jurisdiction over Retsel. 28 U.S.C. § 1391(b)(1), (c)(2) (saying proper venue exists in a judicial district where the defendant resides and that "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question"). The case therefore could have been brought in the District of South

Dakota. *Masud*, 2025 WL 1644423, at *9 (citing *Bhd. of Maint. of Way Employees Div./IBT*, 485 F. Supp. 3d at 1057) (saying "[a] case could have been brought in a transferee district if the transferee district has subject matter jurisdiction, personal jurisdiction, and is a proper venue.").

### 3. Section 1404(a) Considerations

The Court must also consider certain transfer-analysis factors under section 1404(a) in determining whether transfer is warranted. *Road Safety Servs. v. Gilbertson*, 8:25CV622, 2026 WL 836656, at *17 (D. Neb. Mar. 26, 2026). The Eighth Circuit Court of Appeals has "declined to offer an 'exhaustive list of specific factors to consider' in making the transfer decision, *see Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997), but district courts should weigh any 'case-specific factors' relevant to convenience and fairness to determine whether transfer is warranted." *In re Apple, Inc.*, 602 F.3d at 912. This Court has stated elsewhere,

> In deciding whether to transfer a case under section 1404(a), courts typically have taken into account considerations such as the following: (1) the convenience of the parties (accessibility to records and documents, location where conduct occurred, applicability of state's substantive law); (2) the convenience of the witnesses (willingness of witnesses to appear, ability to subpoena witnesses, adequacy of deposition testimony); and (3) the interest of justice (judicial economy, plaintiff's choice of forum, comparative costs to the parties litigating in each forum, each party's ability to enforce a judgment, obstacles to a fair trial, conflict-of-law issues, advantages of having a local court determine questions of local law).

*Bhd. of Maint. of Way Employees Div./IBT*, 485 F. Supp. 3d at 1061 (citing *In re Apple, Inc.*, 602 F.3d at 912). "[I]n general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *In re Apple, Inc.*, 602 F.3d at 913 (quoting *Terra Int'l*, 119 F.3d at 695).

The Court first considers the convenience of the parties, which favors transfer. In assessing the convenience of the parties, courts consider circumstances such as "accessibility to records and documents, location where conduct occurred, [and] applicability of state's substantive law." *Id.*

15

(citing *In re Apple, Inc.*, 602 F.3d at 912). USLI asserts that circumstances like accessibility to the records and documents are inapposite because "[a]ll issues before the Court are a matter of law." Filing 45 at 6–7. USLI grounds this argument on the understanding that its Motion for Summary Judgment only asks the Court to find that "(1) there is no coverage under the USLI policy for any award of punitive damages in the underlying NDN action; and (2) there is no coverage under the USLI policy for any award of attorneys' fees in the underlying NDN action." Filing 42 at 1 (USLI's reply brief relating to its Motion for Summary Judgment). However, the Court cannot determine all issues as a matter of law.

The Complaint "specifically prays the Court [*inter alia*] enter a Declaratory Judgment that, due to Retsel's breach of its duty to cooperate under the Policy, USLI is entitled to reimbursement of Defense Costs, which it has unnecessarily incurred due to Retsel's failure to cooperate." Filing 1 at 6–7 (¶ 26). "USLI [also] specifically prays the Court enter a Declaratory Judgment that, due to Retsel's breach of its duty to cooperate under the Policy, USLI has no obligation to indemnify Retsel for any damages, fees or costs awarded in the Lawsuit. . . ." Filing 1 at 6 (¶ 25). The Motion for Summary Judgment is also not limited to the legal issues raised by USLI in its argument that "[a]ll issues before the Court are a matter of law," Filing 45 at 6–7, as the motion broadly "requests that this Court enter judgment in [USLI's] favor." Filing 10 at 1. Factual determinations must be made as to whether Retsel failed to cooperate pursuant to the terms of the policy. USLI has not offered any evidentiary filings opposing Retsel's motion or otherwise showing that the cooperation clause issues can be disposed of as a matter of law. Filing 1 (not attaching undisputed evidence relating to the cooperation clause issues disposing the action as a matter of law); Filing 12 (same); Filing 13 (same); Filing 13-1 (same); Filing 45-1 (same). Judgment as a matter of law and the consequent disposition of this case would be inappropriate because questions of fact relating to

16

Retsel's cooperation or lack thereof remain contested. USLI's argument that circumstances like accessibility to the records and documents is inapposite because "[a]ll issues before the Court are a matter of law," Filing 45 at 6–7, is therefore unavailing.

To the extent any records are needed to resolve outstanding factual questions relating to Retsel's allegedly non-cooperative conduct, those records likely exist, at least in predominate part, in South Dakota. *Bhd. of Maint. of Way Employes Div./IBT*, 485 F. Supp. 3d at 1061 (citing *In re Apple, Inc.*, 602 F.3d at 912) (saying "accessibility to records and documents" is considered in assessing the convenience to the parties). Although it is unclear how relevant they are to the cooperation clause issues, the Uhre Declaration states, "Retsel Corporation's business records, including records relating to . . . the underlying NDN litigation, are maintained in Rapid City, South Dakota or are in possession of counsel who handled the South Dakota litigation. No material business records are maintained in the State of Nebraska." Filing 29 at 3–4 (¶ 18). USLI has not asserted that other documents relating to the alleged cooperation clause breach located outside South Dakota may be relevant to the litigation, as USLI instead asserts that the entire case can be resolved as a matter of law. Filing 45 at 6–7. "[I]f the need arises to refer to original documents or evidence in the litigation, [South Dakota] would [appear] more convenient." *See In re Apple, Inc.*, 602 F.3d at 914 (citation omitted).

The allegedly non-cooperative conduct occurred in the District of South Dakota. *Bhd. of Maint. of Way Employes Div./IBT*, 485 F. Supp. 3d at 1061 (citing *In re Apple, Inc.*, 602 F.3d at 912) (saying "location where conduct occurred" is considered in assessing the convenience to the parties). According to the Uhre Declaration, "[t]he underlying litigation referenced in USLI's Complaint . . . was filed in and has been litigated exclusively in . . . South Dakota," and "[a]ll events giving rise to that litigation — the alleged acts of discrimination at the Grand Gateway

17

Hotel — occurred in Rapid City, South Dakota." Filing 29 at 4 (¶¶ 21–22). The declaration further maintains that "[t]o [Uhre's] knowledge, no material event, act, omission, negotiation, or transaction relating to this insurance coverage dispute occurred in Nebraska" and "no events relating to the USLI insurance policy, the underlying NDN litigation, or the alleged cooperation issues occurred in Nebraska." Filing 29 at 5 (¶ 30). USLI nowhere disputes that the conduct relevant to this action occurred at least predominately in the District of South Dakota. *See* Filing 45.

The "applicability of state's substantive law" also counsels transfer. *Bhd. of Maint. of Way Employes Div./IBT*, 485 F. Supp. 3d at 1061 (citing *In re Apple, Inc.*, 602 F.3d at 912) (saying "applicability of state's substantive law" is considered in assessing the convenience to the parties). The parties agree that this declaratory judgment action requires the application of South Dakota law. Filing 32 at 6 ("South Dakota insurance law governs."); Filing 45 at 7 ("Plaintiff does not dispute that South Dakota law governs the legal issues in this matter. . . ."). USLI is correct that federal district courts "can, and often do, apply the law of other jurisdictions." Filing 45 at 7. However, the Eighth Circuit has also observed that "'[t]here is an appropriateness' in holding trial in a diversity case in the venue that is 'at home with the state law that must govern the case.'" *In re Apple, Inc.*, 602 F.3d at 915 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947)). This circumstance favors transfer, and the Court therefore determines that the convenience to the parties favors transfer. *Bhd. of Maint. of Way Employes Div./IBT*, 485 F. Supp. 3d at 1061 (citing *In re Apple, Inc.*, 602 F.3d at 912).

The Court's attention turns to the next relevant consideration, convenience of the witnesses. *Id.* (citing *In re Apple, Inc.*, 602 F.3d at 912). The parties did not brief specific issues relating to the convenience of the witnesses, such as the "willingness of witnesses to appear, ability

to subpoena witnesses, [and] adequacy of deposition testimony," for instance. *Id.* (citing *In re Apple, Inc.*, 602 F.3d at 912); Filing 32; Filing 45. As a general matter, to the extent that witnesses are needed in this action, convenience of the witnesses favors transfer. Uhre declares, "Most . . . witnesses . . . are located in or near Rapid City, South Dakota," Filing 29 at 4 (¶ 23), and USLI is silent as to whether any witnesses it could call would be inconvenienced if the action were heard in South Dakota rather than Nebraska. Filing 45 at 6.

The interest of justice is the last consideration relevant to transfer under section 1404(a) weighed by the Court. *Bhd. of Maint. of Way Employes Div./IBT*, 485 F. Supp. 3d at 1061 (citing *In re Apple, Inc.*, 602 F.3d at 912). The interest of justice has been called "the most important factor under § 1404(a)." *Huhn v. U.S. Citizenship & Immigr. Servs.*, Civil No. 20-2383 (DSD/TNL), 2021 WL 6841639, at *3 (D. Minn. May 6, 2021) ("The interests of justice has long been recognized as the most important factor under § 1404(a)."). The Court has stated elsewhere,

> "Courts weigh the interest of justice factor very heavily." *GMAC/Residential Funding Corp.*, 2003 WL 1572007, at *2 (citing *Radisson Hotels Int'l, Inc. v. Westin Hotel Co.*, 931 F. Supp. 638, 641 (D. Minn. 1996)). "The interest of justice factor 'may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result.'" *Id.* (quoting *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986)). The interest of justice includes considerations such as "judicial economy, plaintiff's choice of forum, comparative costs to the parties litigating in each forum, each party's ability to enforce a judgment, obstacles to a fair trial, conflict-of-law issues, advantages of having a local court determine questions of local law." *Melichar*, 309 F. Supp. 3d at 726.

*Bhd. of Maint. of Way Employes Div./IBT*, 485 F. Supp. 3d at 1062. The interest of justice decisively favors transfer in this case.

This action has an extremely limited connection to Nebraska. Had Retsel not waived its Rule 12(b)(2) or (b)(3) defenses by failing to raise them before Rule 12's deadline expired, the Court would consider USLI's arguments for personal jurisdiction and venue seriously suspect. Filing 28 (Retsel's Motion to Dismiss or Transfer being Retsel's first filing in this case). Such

circumstances—by showing the lack of connection this action has with Nebraska—help explain why the interest of justice favors transfer. USLI's brief asserts that the Court has personal jurisdiction because Retsel placed advertisements on a national website and had certain guests—unrelated to the present litigation—patronize the corporation by renting hotel rooms in South Dakota. *See* Filing 45 at 3–4. However, "[f]or there to be specific [personal] jurisdiction, 'there must be an affiliation between the forum and the underlying controversy,' and where that connection is absent, 'specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State.'" *Bros. & Sisters in Christ, LLC v. Zazzle, Inc.*, 42 F.4th 948, 952 (8th Cir. 2022) (internal quotation marks omitted) (quoting *Bristol-Myers Squibb Co. v. Superior Court of California*, 582 U.S. 255, 262 (2017), in turn quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). USLI neither pleaded nor argued any connection between Nebraska and the controversy. Filing 1 at 2 (¶ 4) ("At all times relevant Retsel conducted business with citizens and residents of Nebraska, thereby maintaining regular relations or contact with the State of Nebraska sufficient to afford a basis for the exercise of personal jurisdiction. . . ."); Filing 45 at 3–4 (arguing that the court has personal jurisdiction over Retsel because it conducted business with Nebraska residents through its website). In contrast, the Uhre Declaration states, "To Uhre's knowledge, no material event, act, omission, negotiation, or transaction relating to this insurance coverage dispute occurred in Nebraska" and "no events relating to the USLI insurance policy, the underlying NDN litigation, or the alleged cooperation issues occurred in Nebraska." Filing 29 at 5 (¶¶ 29–30). Furthermore, the Complaint's allegations relating to venue rely on the Court having personal jurisdiction over Retsel. Filing 1 at 2 (¶ 6) ("Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(c)(2) in that Retsel is deemed to reside in Nebraska as it is subject to personal jurisdiction in

20

Nebraska."). While personal jurisdiction and venue are again not at issue here, the above circumstances reveal that Nebraska's connection to this action is quite weak.

More discrete considerations relating to the interest of justice, including plaintiff's choice of forum, judicial economy, comparative costs to the parties litigating in each forum, and the advantages of having a local court determine questions of local law, decisively favor transfer when considered in their totality. *Bhd. of Maint. of Way Employees Div./IBT*, 485 F. Supp. 3d at 1062.

The principal consideration relating to the interest of justice that USLI points to is "plaintiff's choice of forum." Filing 45 at 8 (saying USLI's choice of forum should receive deference). USLI argues that "Plaintiff is entitled to have its action heard in this Court" because Retsel has waived personal jurisdiction. Filing 45 at 8. However, the Eighth Circuit has explained that giving deference to a plaintiff's chosen forum is a "general" practice. *In re Apple, Inc.*, 602 F.3d at 909. The amount of deference a federal court accords to a plaintiff's chosen forum may wax or wane depending on the strength of connection between the forum and the circumstances of the litigation. *Id.* (saying "[b]ecause no relevant connection exists between Luxpro, Apple, potential witnesses, or the dispute and Western Arkansas, Luxpro's choice of forum was entitled to minimal weight in the § 1404(a) determination"). As explained by the Court above, there is no apparent forum-specific connection between the facts underlying this action and Nebraska. Furthermore, the Eighth Circuit has cautioned that actions for declaratory judgments can be "more indicative of a preemptive strike than a suit for damages or equitable relief," and USLI has not responded to Retsel's repeated arguments relating to forum shopping. *Nw. Airlines, Inc.*, 989 F.2d at 1007; *see BASF Corp.*, 50 F.3d at 558; Filing 45. The fact that USLI filed in Nebraska is therefore accorded little weight. *In re Apple*, 602 F.3d at 909.

Judicial economy also relates to the interest of justice. *Bhd. of Maint. of Way Employes Div./IBT*, 485 F. Supp. 3d at 1062. USLI contends that judicial economy favors resolution of the suit in this district because "this Court already has before it extensive briefing on these issues." Filing 45 at 5–6. However, any efficiencies gained by the briefing already submitted in this matter are significantly neutralized if not overcome by the fact that litigating in one district is generally less costly and more efficient than litigating in two. *Omnicom Grp., Inc. v. Emps. Reinsurance Corp.*, No. Civ.A. 01-839-GMS, 2002 WL 109346, at *1 n.1 (D. Del. Jan. 28, 2002) ("[T]he court remains convinced that it is less costly, and more convenient, to try the cases in one district, rather than across state lines."); *Qurio Holdings, Inc. v. DIRECTV, LLC*, 14-cv-7502, 2015 WL 1943278, at *5 (N.D. Ill. Apr. 29, 2015) ("Litigating in two districts presumably will be less costly and more efficient than litigating in three.") (collecting cases).

The comparative costs to the parties litigating in each forum point to transfer. *Bhd. of Maint. of Way Employes Div./IBT*, 485 F. Supp. 3d at 1062 (saying the parties' comparative costs should be assessed in relation to the interest of justice). The Uhre Declaration states that "[i]n or around late 2025, First Interstate Bank initiated foreclosure proceedings against Retsel Corporation's hotel property at 1721 N. Lacrosse Street, Rapid City, South Dakota. The hotel property was sold at a sheriff's sale on or about March 2, 2026." Filing 29 at 5 (¶ 26). The declaration also states,

> Retsel Corporation does not have the financial resources to retain litigation counsel in Nebraska or to litigate this action in a forum located hundreds of miles from where all relevant witnesses, documents, and events are located. Most relevant documents, witnesses, and former employees are located in or near Rapid City, South Dakota. Litigating this action in Nebraska rather than in the District of South Dakota, Western Division, would impose a severe and disproportionate financial and logistical burden on Retsel Corporation as compared to USLI.

Filing 29 at 5 (¶ 26). In contrast, USLI nowhere argues that the costs it would bear in South Dakota would exceed the costs USLI would incur litigating the action in Nebraska. *See generally* Filing 45. The comparative costs to the parties litigating in each forum favors transfer.

Lastly, the "advantages of having a local court determine questions of local law" points to transfer. *Bhd. of Maint. of Way Employes Div./IBT*, 485 F. Supp. 3d at 1062. The parties agree that this declaratory judgment action requires the application of South Dakota law. Filing 32 at 6 ("South Dakota insurance law governs."); Filing 45 at 7 ("Plaintiff does not dispute that South Dakota law governs the legal issues in this matter. . . ."). USLI is correct that federal district courts "can, and often do, apply the law of other jurisdictions." Filing 45 at 7. However, as mentioned above, the Eighth Circuit has also observed that "'[t]here is an appropriateness' in holding trial in a diversity case in the venue that is 'at home with the state law that must govern the case.'" *In re Apple, Inc.*, 602 F.3d at 915 (quoting *Gulf Oil Corp.*, 330 U.S. at 509). This factor similarly points to transfer. *Id.* (quoting *Gulf Oil Corp.*, 330 U.S. at 509).

    4.   *First to File Rule*

In assessing whether an action should be transferred pursuant to section 1404(a) the Court also considers the so-called "first-filed rule." *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1005 (8th Cir. 1993). Unlike the discretionary authority under section 2201 invoked by Retsel—which provides a basis for a federal court's abstention in certain cases involving ongoing, parallel state proceedings—the first-filed rule applies to cases where the action was filed in a federal court and transfer is contemplated to another federal court. *See id.* at 1005. The general rule is that "the first court in which jurisdiction attaches has priority to consider the case." *Id.* at 1005 (citing *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985)). This first-filed rule "is not intended to be rigid, mechanical, or inflexible but is to be applied in a manner best serving the interests of justice," and it should be applied absent compelling circumstances. *Id.*

(citations omitted). The underlying policy goals of applying the first-filed rule are "conserv[ing] judicial resources and avoid[ing] conflicting rulings." *Id.* at 1006. Finally, the first-filed rule "yields to the interests of justice, and will not be applied where a court finds compelling circumstances supporting its abrogation." *Id.* An example of a "red flag" indicating that such compelling circumstances exist is a lawsuit for declaratory judgment. *Id.*; *Boatmen's First Nat. Bank of Kansas City v. Kansas Pub. Employees Ret. Sys.*, 57 F.3d 638, 641 (8th Cir. 1995). An action seeking declaratory judgment is red-flagged because "such an action may be more indicative of a preemptive strike." *Id.* (citing *U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 489 (8th Cir. 1990)).

Application of the first-filed rule is inappropriate here. First, this action exclusively seeks a declaratory judgment relating to whether an insured violated its requirement to cooperate with its insurer in separate, ongoing litigation in South Dakota. Filing 32 at 3 (saying litigation is still ongoing in South Dakota); Filing 45 at 7 (same). This suggests that the action may be a preemptive strike. *Bhd. of Maint. of Way Employes Div./IBT*, 485 F. Supp. 3d at 1064 (citing *Nw. Airlines, Inc.*, 989 F.2d at 1006). More importantly, however, the first-filed rule "yields to the interests of justice." *Nw. Airlines, Inc.*, 989 F.2d at 1005. As discussed by the Court above, the interest of justice—specifically the extremely weak connection this case has to Nebraska, the parties' comparative costs, and the efficiency of having litigation relating to actions with overlapping facts occur in one district rather than two—favors transfer. *See Bhd. of Maint. of Way Employes Div./IBT*, 485 F. Supp. 3d at 1062–63. Application of the first-filed rule would therefore be inappropriate in this matter.

Because the case can be transferred to the District of South Dakota, Western Division, the section 1404(a) considerations favor transfer, and application of the first-filed rule would be

inappropriate, the Court transfers the action to the United States District Court for the District of South Dakota, Western Division. With the exception of USLI's motion seeking leave to file a sur-reply in opposition to Retsel's reply brief, which the Court denies, the Court takes no action on the remaining motions because the Court lacks jurisdiction where the motions will be resolved by the transferee court.

### III. CONCLUSION

Upon the foregoing,

IT IS ORDERED that:

1. USLI's Motion for Leave to File Sur-Reply in Opposition to Defendant's Reply Brief in Support of Defendant's Motion to Dismiss, Filing 50, is denied;

2. Retsel's Motion to Dismiss or Transfer, Filing 28, is denied as it relates to dismissal but granted as it relates to transfer;

3. The Clerk is directed to transfer this matter to the United States District Court for the District of South Dakota pursuant to 28 U.S.C. § 1404(a);

4. No action is taken on the four remaining motions because this Court lacks jurisdiction where the motions will be resolved by the transferee court.

Dated this 17th day of July, 2026.

BY THE COURT:

_____

Brian C. Buescher
United States District Judge

25